Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>RICHARD VÉLEZ GONZÁLEZ<br><br>Parte Peticionaria | TA2025CE00566 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm. NSCR201800560 NSCR201800561 NSCR201800446 NSCR201800447<br><br>Sobre: Tent. Art. 93 CP Recl. a Art. 109 (A) CP, Art. 195 CP Recl. a Art. 194 CP (MG), Art. 198 CP (MG), Art. 177 CP (MG) |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de octubre de 2025.

Comparece por derecho propio y en forma *pauperis* el señor Richard Vélez González (en adelante, peticionario), mediante recurso de *certiorari* suscrito el 29 de agosto de 2025, remitido por correo el 1 de octubre de 2025, y recibido en nuestra Secretaría el 3 de octubre de 2025.

El peticionario se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación. Como único documento unido al apéndice del recurso, surge una *Sentencia Revocatoria* emitida el 7 de mayo de 2025, mediante la cual el Tribunal de Primera Instancia (TPI) revocó al peticionario la libertad a prueba concedida en la sentencia pronunciada el 14 de marzo de 2019, y ordenó a éste cumplir la pena impuesta por los delitos en los casos de epígrafe de la siguiente manera: (a) en el caso NSCR201800560, por tent. Art. 93 CP recl. a Art. 109 (A) CP, se le

impone la pena de tres (3) años de reclusión; (b) en el caso NSCR201800561, por Art. 195 CP recl. a Art. 194 CP (MG), se le impone la pena de seis (6) meses de reclusión; (c) en el caso NSCR201800446, por Art. 198 CP (MG), se le impone la pena de seis (6) meses de reclusión; (d) en el caso NSCR201800447, por Art. 177 CP (MG), se le impone la pena de seis (6) meses de reclusión. El foro sentenciador indicó que las penas impuestas en los casos de epígrafe se cumplirían se forma concurrentes entre sí. Además, ordenó el abono del término de ocho (8) meses cumplidos satisfactoriamente en la sentencia mixta y el término cumplido en detención preventiva.

El peticionario solicita que se acrediten a su sentencia los veinte (20) meses que cumplió en probatoria, antes de violentar las condiciones. Para ello invocó la Regla 185 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185, concerniente a la corrección o modificación de sentencias.

Sin embargo, cabe señalar que el peticionario insta su reclamo directamente ante este tribunal apelativo. De hecho, no alude a ningún dictamen judicial o administrativo específico que pudiera estar sujeta a revisión por este Tribunal. Ello nos impide dilucidar sus planteamientos y conceder el remedio solicitado, de ser este procedente en derecho.

Le corresponde al foro primario ventilar, en primera instancia, dicha controversia y adjudicarla en sus méritos. Luego de que el foro primario se exprese en cuanto a la procedencia o no de la solicitud del peticionario, es que este Tribunal de Apelaciones poseerá jurisdicción para revisar la determinación que el foro de instancia emita al respecto.[1]

---

[1] Se desprende de una búsqueda en el sistema de Consulta de Casos del Poder Judicial, caso NSCR201800446, que el peticionario presentó el 7 de julio de 2025, ante el TPI, una moción por derecho propio, que fue resuelta mediante orden notificada el 9 de julio de 2025. No consta determinación ulterior alguna, que fuera emitida dentro del término de 30 días de cumplimiento estricto exigido por

Además, el recurso incumple sustancialmente con todos los requisitos esbozados en nuestro Reglamento y cuyo cumplimiento es indispensable para su consideración. Véase, Parte IV (*Certiorari)* del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 46-60, 215 DPR __ (2025).

En conclusión, el peticionario debe acudir en primer lugar ante el TPI para que dicho foro primario emita una determinación judicial sobre su solicitud, de manera que el Tribunal de Apelaciones pueda tener ante sí un dictamen judicial para revisar. En ausencia de una expresión del TPI, que dictó la sentencia condenatoria que se procura modificar o enmendar, el Tribunal de Apelaciones carece de autoridad para acceder a la solicitud del peticionario.

En virtud de lo anterior, desestimamos el recurso por falta de jurisdicción, al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* pág. 110.[2]

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

la Regla 32 del Reglamento del Tribunal de Apelaciones, *infra*, págs. 46-47, para la impugnación ante nos de órdenes y resoluciones emitidas por el Tribunal de Primera Instancia.

[2] La citada regla, provee para que este Tribunal desestime, a iniciativa propia, un recurso por falta de jurisdicción.